IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:10-CR-110 |
| ) | |
| MANUEL PEREZ BURELO ) | |

**MEMORANDUM AND ORDER**

The defendant will be sentenced on June 21, 2012. At paragraph 55 of the presentence investigation report ("PSR"), the probation officer recommends that the offense level be increased by three pursuant to U.S.S.G. § 3B1.1(b) based on the defendant's role as a manager or supervisor of the charged cocaine and marijuana conspiracy. At paragraph 53 of the PSR, the probation officer recommends that the offense level be increased by two pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a firearm.

The defendant objects to both adjustments. The firearm enhancement will be addressed by the court at sentencing.

As to the role adjustment, the court has considered the parties' arguments. The court has also considered the two letters it has received from the defendant, both of which contain his contention that he was "only a minor player having only contributed to one [or few] transaction[s]." Based on the agreed factual basis contained in the defendant's signed plea agreement, the court finds that a hearing on this issue is unnecessary. For the reasons that follow, the defendant's role objection will be overruled.

Section 3B1.1(b) of the advisory guidelines provides for a three-level increase in the offense level, "If the defendant was a manager or supervisor . . . and the criminal activity involved five or more participants or was otherwise extensive . . . ." The defendant does not challenge that the instant conspiracy (in which 36 defendants are charged) involved five or more participants or was otherwise extensive. The application notes to § 3B1.1 provide that "[t]o qualify for an adjustment under this section, the defendant must have been the . . . manager or supervisor of one or more other participants."

To determine whether § 3B1.1(b) should apply, the court considers factors such as "the defendant's exercise of decision-making authority, any recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning the offense, and the degree of control the defendant exercised over others." *United States v. Solorio*, 337 F.3d 580, 601 (6th Cir. 2003) (citation omitted). It is the government's burden to prove that the enhancement applies. *See id.* at 600.

Notwithstanding the defendant's current representations that he was "only a minor player having only contributed to one [or few] transaction[s]," the court initially notes that he admitted in his plea agreement that "[t]here are over 120 drug trafficking related conversations between the defendant and [lead codefendant] Sarabia that were intercepted" by authorities. [Doc. 606, ¶ 4(bb)]. The defendant has admitted that he "served as one of Sarabia's main distributors of cocaine in the Eastern District of Tennessee" with "a wide customer base." [Doc. 606, ¶ 4(b)].

2

The defendant and certain codefendants "would store the cocaine and marijuana in stash locations in the Johnson City, Tennessee, area" pending redistribution. [Doc. 606, ¶ 4(c)]. In at least four recorded conversations, the defendant directed codefendant Jose Vergara to conduct drug transactions and/or collect money for him. [Doc. 606, ¶¶ 4(o), (p), (q), (aa)]. In his objection, the defendant admits that he instructed Vergara to bring drug scales to another transaction.

The defendant demonstrated knowledge of the conspiracy's sources of supply. [Doc. 606, ¶¶ 4(k), (ff)]. The defendant exercised discretion over the price of the drugs that he sold, with an eye on "mak[ing] profit." [Doc. 606, ¶¶ 4(aa), (ii), (jj)]. He was not merely reselling at the direction of Sarabia. In fact, during one recorded conversation the defendant advised Sarabia as to whether a particular batch of cocaine would sell better in powder or crack form. [Doc. 606, ¶ 4(hh)].

The defendant's offense level is properly increased by three for being a manager or supervisor, pursuant to U.S.S.G. § 3B1.1(b). He was admittedly one of the "main distributors" in this large conspiracy. He advised, profited, exercised discretion, stored drugs, and was aware of sources of supply. The defendant admittedly and repeatedly directed the actions of codefendant Vergara. Through the agreed factual basis of the plea agreement, the government has met its burden of showing that the defendant was a manager/supervisor for purposes of § 3B1.1(b).

For these reasons, the defendant's objection to the three-level role enhancement is overruled. As noted above, the defendant's objection to the two-level § 2D1.1(b)(1) weapon enhancement will be addressed at sentencing.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge