IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:10-CR-110 |
| | ) |
| MARIO HERNANDEZ VELAZQUEZ | ) |

### **MEMORANDUM AND ORDER**

Following a three-day jury trial, defendant Mario Hernandez Velazquez was found guilty on counts one, 43, 48, 53, 54, 58, 105, 106, 131, 132, 133, and 134 of the superseding indictment. Now before the court is the defendant's "Motion for Judgment of Acquittal and New Trial" [doc. 1051]. The government has responded in opposition to the motion [doc. 1055], and the defendant has not replied. For the reasons that follow, the motion will be denied.

*I.*

*Background*

The defendant is charged in 12 counts of the superseding indictment as follows: conspiracy to distribute and to possess with the intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine (count one); distribution of a quantity of a mixture and substance containing a detectable amount of cocaine (counts 43, 48, 53, and 105); distribution of a quantity of a mixture and substance containing a detectable amount of cocaine base (count 58); possession with the intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine (count 131);

use and carry of a firearm during and in relation to a drug trafficking crime (count 54); possession of a firearm in furtherance of a drug trafficking crime (counts 106 and 132); illegal alien in possession of a firearm (count 133); and illegal alien in possession of ammunition (count 134). The defendant moved for acquittal at the close of the government's proof at trial. That request was denied, and the defendant's renewed motion is now before the court, combined with his motion for a new trial.

*II.*

*Motion for Judgment of Acquittal*

A Rule 29(c) motion for judgment of acquittal challenges the sufficiency of the evidence. *See* Fed. R. Crim. P. 29(a), (c). When reviewing a sufficiency of the evidence claim, the court "must decide whether, after viewing the evidence in a light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Gardner*, 488 F.3d 700, 710 (6th Cir. 2007). The court does not weigh the evidence, consider witness credibility, or substitute its judgment for that of the jury. *United States v. Chavis*, 296 F.3d 450, 455 (6th Cir. 2002). "A defendant making such a challenge bears a very heavy burden." *United States v. Tocco*, 200 F.3d 401, 424 (6th Cir. 2000).

A. Waiver

It is initially noted that, although the defendant purports to challenge the sufficiency of the evidence as to *all* counts of the superseding indictment, his motion presents

only conclusory statements without any developed argumentation regarding *any* of those counts. The court therefore concludes that the defendant has waived all Rule 29(c) issues. *See United States v. Layne*, 192 F.3d 556, 566-67 (6th Cir. 1999) (citation omitted) (Arguments raised in favor of acquittal, "adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

### B. Conspiracy

In the alternative, the court will nonetheless go on to address each count of the superseding indictment pertaining to the instant defendant. First, as to count one, the government had the burden at trial of proving beyond a reasonable doubt: (1) an agreement to violate the drug laws; (2) knowledge of, and intent to join, the conspiracy; and (3) participation in the conspiracy. *Gardner*, 488 F.3d at 710. The defendant in this case challenges not only his conviction on count one, but also the jury's finding regarding drug quantity (five kilograms or more).

A rational jury could have found the essential elements of count one beyond a reasonable doubt. Fourteen audio or video recordings were admitted into evidence at trial, accompanied by English transcripts of their material parts, the accuracy of which were unchallenged by the defendant. In each recording, the jurors saw and/or heard the defendant planning, discussing, or engaging in drug distribution. Intercepted phone calls on September 12 and 18, 2010, between the defendant and the "lead defendant" in this case, Tomas Estrada Sarabia, evidenced the defendant's agreement, knowledge, intent, and participation. Based

on this evidence alone, a rational jury could have found beyond a reasonable doubt that the defendant conspired to distribute, and to possess with the intent to distribute, cocaine.

Regarding drug quantity, Special Agent Pack testified that approximately 3.5 kilograms were seized from codefendants in late October, 2010. In a March 25, 2010 recording, the defendant stated that he had recently been robbed of two kilograms of cocaine. In an April 27, 2010 recording, the defendant stated that he purchased up to ten ounces (283.5 grams) of cocaine per week for resale. Based on this evidence alone, a rational jury could have found beyond a reasonable doubt that the amount of cocaine involved in the conspiracy was five kilograms or more.

## C. Distribution

As to counts 43, 48, 53, 58, and 105, the government had the burden of proving beyond a reasonable doubt that the defendant knowingly and intentionally distributed a controlled substance as charged in that particular count. *United States v. Forrest*, 17 F.3d 916, 919 (6th Cir. 1994). At trial, the drugs purchased from the defendant (underlying these counts) were admitted into evidence, and the laboratory testing agents testified that those substances were cocaine (or cocaine base). Recordings of four of the five transactions were admitted into evidence. Only the May 13, 2010 transaction was not recorded. However, jurors heard two recordings from that date between the defendant and the confidential informant, planning the drug buy. Special Agent Pack testified that he monitored the May 13 transaction as it took place, and that agents took the drugs from the confidential informant

4

immediately after the transaction. Based on this evidence alone, a rational jury could have found that guilt was proven beyond a reasonable doubt on counts 43, 48, 53, 58, and 105.

D. Possession with Intent to Distribute

As to count 131, the government had the burden of proving beyond a reasonable doubt that the defendant knowingly possessed cocaine with the intent to distribute it. *United States v. Wettstain*, 618 F.3d 577, 585 (6th Cir. 2010). Jurors heard proof that cocaine was seized from the defendant's desk drawer during a search of his residence. Scales were found nearby. Several recorded sales took place in the defendant's residence where, in an October 6, 2010 recording, jurors heard him tell the confidential informant, "I sell here every day." Based on this evidence alone, a rational jury could have found the defendant guilty beyond a reasonable doubt of possessing cocaine with the intent to distribute.

E. Use and Carry of a Firearm During and in Relation to a Controlled Substance Offense

As to count 54, the government had the burden of proving beyond a reasonable doubt that the defendant knowingly used or carried a firearm during and in relation to the drug trafficking crime charged in count one or 53 of the superseding indictment. 18 U.S.C. § 924(c)(1)(A). "'[U]se' . . . requires some active employment of the firearm . . . , [and] 'carry' . . . mean[s] the firearm must be on the person or accompanying the person . . . ." *United States v. Combs*, 369 F.3d 925, 932 (6th Cir. 2004) (citations omitted). "The 'during and in relation to' element requires that the firearm furthered the purpose or effect of the crime and its presence or involvement was not the result of coincidence." *Id.* at 933 (citation

5

and quotation omitted).

In the April 27, 2010 video recording, jurors saw the defendant offer to sell a handgun during a drug sale. He displayed the gun and said that he is "always armed" to protect himself from robbery. Based on this evidence alone, a rational jury could have found the defendant guilty beyond a reasonable doubt of using or carrying a firearm during and in relation to a drug trafficking crime.

### F. Possession of a Firearm in Furtherance of a Drug Trafficking Crime

As to counts 106 and 132, the government had the burden of proving beyond a reasonable doubt that the defendant knowingly possessed a firearm in furtherance of a drug trafficking crime, as charged in that particular count. 18 U.S.C. § 924(c)(1)(A). "In furtherance of" means that the gun "was possessed to advance or promote the commission of the underlying [drug trafficking] offense." *Combs*, 369 F.3d at 933 (citation omitted). There must be "a specific nexus between the gun and the crime charged," and a firearm strategically located for quick and easy access would demonstrate "possession in furtherance of." *Id.* (citation omitted).

Count 106 pertains to an October 6, 2010 drug trafficking crime. Jurors saw a video recording in which the defendant showed the confidential informant a pistol. The defendant stated that "[i]t's tough now" and "you have to have the pistol handy" (and, "It has to be at hand") for protection from robbery. The defendant stated that if anyone tried to rob him, he would "blow them to hell."

6

Count 132 is related to count 131, which charges possession with intent to distribute on October 22, 2010. Agents found a pistol and ammunition in the defendant's bedroom, only steps away from the desk in which agents found cocaine and more ammunition. The jurors were able to consider this evidence along with the defendant's prior boasts that he is always armed for protection while selling drugs.

Based on this evidence, a rational jury could have found beyond a reasonable doubt that the defendant knowingly possessed a firearm in furtherance of a drug trafficking crime, as charged in counts 106 and 132.

### G. Illegal Alien in Possession

As to counts 133 and 134, the government had the burden of proving beyond a reasonable doubt that, on or about October 22, 2010: (1) the defendant was not lawfully present in the United States; (2) the defendant knowingly possessed the firearm or ammunition specified in that count; and (3) the firearm or ammunition crossed a state line prior to its possession. 18 U.S.C. § 922(g)(5)(A).

The jurors heard proof that the defendant was not lawfully present in this country, and that the subject firearm and ammunition traveled in interstate commerce. The firearm was found on the defendant's bed, and the ammunition was found either beside his bed or in his desk drawer. A rational jury could have found guilt on counts 133 and 134 beyond a reasonable doubt.

H. Summary

The court has reviewed its substantial trial notes and is satisfied that, viewing the evidence in the light most favorable to the prosecution, a rational jury could easily have found beyond a reasonable doubt all of the elements of the crimes charged. Further, it is again noted that arguments raised in favor of acquittal, "adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Layne*, 192 F.3d at 566-67. The defendant's Rule 29(c) motion will be denied.

*III.*

*Motion for New Trial*

Federal Rule of Criminal Procedure 33(a) provides, "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." A motion for a new trial under Rule 33(a) "may be premised upon the argument that the jury's verdict was against the manifest weight of the evidence. Generally, such motions are granted only in the extraordinary circumstance where the evidence preponderates heavily against the verdict." *United States v. Hughes*, 505 F.3d 578, 592-93 (6th Cir. 2007) (citation and quotation omitted). Unlike Rule 29 review, the court in deciding a Rule 33 motion assesses witness credibility and the weight of the evidence. *Id.* at 593.

A. Hearsay

On the day before trial, the defendant filed a "Motion to Exclude Hearsay Statements" [doc. 1044]. On the second day of trial, the court entered an order denying the

8

motion [doc. 1046].

The defendant now renews the arguments contained in that prior hearsay motion, although in a significantly less-developed form. For the reasons stated in the court's prior order [doc. 1046], the defendant's hearsay objections were correctly overruled and as such are not grounds for a new trial.

B. Verdict Form

The defendant correctly points out that the court's verdict form contained a typographical error at count 132. As previously discussed, that count of the superseding indictment charges the defendant with possession of a firearm "in furtherance of" a drug trafficking crime. However, in a typographical error, the verdict form identifies that charge instead as "possession of a firearm *during and in relation to* a drug trafficking crime." Although still unnoticed by the defendant, the government now points out that the same typographical error is found in the verdict form regarding count 106.

Neither party objected to the verdict form. This issue is therefore reviewed for plain error. *See United States v. Castano*, 543 F.3d 826, 833 (6th Cir. 2008). Under that standard, there must have been: (1) an error; (2) that was plain; which (3) affected substantial rights. *Id.* (citations omitted). If all three of these elements are present, the reviewing court must then consider whether the error seriously affected the fairness, integrity, or public reputation of the judicial proceeding. *Id.* (citation omitted).

The first two elements of plain error are present in this case. The verdict form contained two typographical errors, and those errors were plain. "In furtherance of" and "during and in relation to" are distinct elements involving distinct proof. *See Combs*, 369 F.3d at 932-33.

The court notes prior Sixth Circuit cases in which the appellate court has vacated convictions due the trial court's muddling of the "in furtherance of" and "during and in relation to" language. The court has carefully considered that authority and the circumstances of the instant case. Having done so, the court concludes based on the totality of the facts and circumstances *of this case* that the defendant is not entitled to Rule 33 relief. The court concludes that the two typographical errors did not affect substantial rights, nor did they seriously affect the fairness, integrity, or public reputation of the trial.

In *Castano*, the district court's oral instructions to the jury contained several misstatements regarding the gun charge. *Castano*, 543 F.3d at 831. Those misstatements were repeated in the written instructions provided to the jurors for use in their deliberations. *Id.* at 831-32. The verdict form "contained the same erroneous substitution of 'possession' for 'carrying' and use of 'during' without the additional 'and in relation to' language." *Id.* at 832. Both the government's closing argument and the court's judgment also articulated an incorrect standard. *Id.* The Sixth Circuit reversed the defendant's conviction because of "the considerable confusion that permeated this case." *Id.* at 833, 836-37.

In *United States v. Wilkins*, the indictment incorrectly set forth the crime charged, and the court's jury instructions contained more than one misstatement. 253 F. App'x 538, 545-46 (6th Cir. 2007). Because "the court's *instructions* mixed the elements of the two offenses," the defendant's conviction was reversed. *Id.* at 546-47 (emphasis added).

In *United States v. Hunter*, the indictment, jury charge, *and* verdict form all misstated the elements of the offense. 558 F.3d 495, 502 (6th Cir. 2009). Based on those cumulative facts, the Sixth Circuit reversed. *Id.* at 502-03. In *United States v. Savoires*, the indictment, jury instructions, *and* closing argument each "muddied" the distinct 924(c) offenses. 430 F.3d 376, 378-81 (6th Cir. 2005). The Sixth Circuit reversed in light of the "duplicity of the indictment and the related deficits in the charge to the jury." *Id.* at 381. In *United States v. Lowe*, the jury instructions incorrectly set forth the law. 172 F. App'x 91, 94-96 (6th Cir. 2006). Because "[t]he instructions *as a whole*, as they pertain to the § 924(c) charge, are confusing, misleading and - in material part - simply wrong," the Sixth Circuit vacated the conviction. *Id.* at 96-97 (emphasis added).

By contrast, in the instant case there was no error in the indictment or the court's jury instructions. In both the opening and the closing charge, the jurors were accurately told the precise standard necessary for conviction on counts 106 and 132. The correct standard was repeated by the government at closing argument. During their deliberations, the jurors had with them a copy of both the superseding indictment and the

court's closing charge, reaffirming the correct law. The court instructed the jury to "take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt."

The court concludes that the present case is less akin to *Castano*, *Wilkins*, *Hunter*, *Savoires*, and *Lowe* - where multiple levels of error were present - and more akin to cases in which the reviewing court found that correct jury instructions resolved any potential confusion that might have been caused by an isolated error. In *United States v. Davis*, the two pertinent counts of the indictment charged *both* 924(c) offenses within each count. 306 F.3d 398, 415 (6th Cir. 2002). The Sixth Circuit upheld the convictions, stating that the "problem was clarified by explicit jury instructions." *Id.* at 416; *accord Savoires*, 430 F.3d at 380 ("Because juries are presumed to follow the instructions they are given, we concluded [in *Davis*] that the indictment had not affected the defendant's substantial rights.").

In *United States v. Arreola*, the verdict form contained a typographical error similar to the one found in the present case. 467 F.3d 1153, 1156, 1162 (9th Cir. 2006). However, also like the present case, the trial court correctly instructed the jurors, the prosecution reiterated the correct standard in closing argument, and the jurors had a copy of the jury instructions during deliberation. *Id.* at 1162. The reviewing court held that, "considering the jury verdict form in light of the court's instructions and the trial as a whole, it is not likely that error in the jury verdict form affected the jury's decision to convict." *Id.*

In *Government of the Virgin Islands v. Bedford*, the verdict form contained a clerical error which misstated the offense charged in the indictment. 671 F.2d 758, 762-63 (3d Cir. 1982). The appellate court found the error harmless, because "throughout the entire trial, everything that the jury heard" (including the charge) was consistent with the correct offense and the correct standard of law, whereas "the error in the verdict form was merely clerical." *Id.* at 763-64.

In sum, a verdict form must be considered in conjunction with the jury instructions. *Slaughter v. Parker*, 450 F.3d 224, 241 (6th Cir. 2006). Jurors are presumed to follow the instructions they are given. *Washington v. Hofbauer*, 228 F.3d 689, 706 (6th Cir. 2000). "In determining whether an error is harmless, the reviewing court must take account of what the error meant to [the jury], not singled out and standing alone, but in relation to all else that happened." *United States v. Pugh*, 405 F.3d 390, 400 (6th Cir. 2005) (alteration in original) (citation and quotation omitted). "Generally, a minor error will not be enough to confuse a jury when the instructions as a whole state the law clearly." *United States v. Bey*, 414 F. App'x 570, 573 (4th Cir. 2011).

In addition, the court notes the overwhelming proof of guilt presented on counts 106 and 132. *See, e.g., United States v. Stiger*, 413 F.3d 1185, 1191 (10th Cir. 2005) (in light of the overwhelming evidence against the defendant, alleged error in verdict form did not substantially impact the outcome of trial). The court cites the pertinent testimony and recorded evidence, along with the defendant's repeated admissions that he is always armed

13

for protection during his drug sales.[1]

In light of the court's instructions and the trial as a whole, the court concludes that plain error did not occur. For an error to have affected substantial rights, it "must have affected the outcome of the district court proceedings." *Castano*, 543 F.3d at 833. "[P]lain error requires a finding that, *taken as a whole*, the jury instructions were so clearly erroneous as to likely produce a grave miscarriage of justice." *Id.* (citation omitted) (emphasis added).

The defendant in this case identifies no flaw whatsoever in the court's instructions, the indictment, the proof, or the government's closing argument. Instead, the defendant points only to an isolated typographical error. Viewing the verdict form "not singled out and standing alone, but in relation to all else that happened," *Pugh*, 405 F.3d at 400, the court is not convinced that the single clerical error "must have affected the outcome of the district court proceedings," or that, "*taken as a whole*, the jury instructions were so clearly erroneous as to likely produce a grave miscarriage of justice." *Castano*, 543 F.3d at 833 (citation omitted) (emphasis added).

---

[1] The Sixth Circuit has described the distinction between "during and in relation to" and "in furtherance of" as "subtle" and "somewhat elusive." *United States v. Combs*, 369 F.3d 925, 933 (6th Cir. 2004) (citations omitted). To illustrate, the *Combs* court offered examples of a drug buyer stealing a gun during a deal or accidentally leaving a gun at his seller's home. *Id.* (citation omitted). In both examples, the buyer's (first example) or seller's (second example) possession could be "during and in relation to" a drug trafficking crime, but would not be "in furtherance of" that crime. *Id.* (citation omitted). There were no *remotely* similar circumstances in the present case. Further, the jurors heard the defendant boast that he always kept a pistol handy so that if someone tried to rob him of his cocaine, he would "blow them to hell." The proof on counts 106 and 132 that the defendant possessed a firearm in furtherance of drug trafficking crimes was simply overwhelming.

C. Manifest Weight of the Evidence

The defendant presents no further arguments in favor of Rule 33 relief other than those that have already been addressed herein. The undersigned heard and viewed all of the evidence at trial and observed the witnesses first-hand. From the undersigned's perspective, the witnesses were credible and the proof of the defendant's guilt was overwhelming on all counts. The jury's decision in this case was not against the manifest weight of the evidence. This is not "the extraordinary circumstance where the evidence preponderates heavily against the verdict." The defendant's Rule 33(a) weight of the evidence request will be denied.

*IV.*

*Conclusion*

For the reasons provided herein, the defendant's "Motion for Judgment of Acquittal and New Trial" [doc. 1051] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

        s/ Leon Jordan
United States District Judge